IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| HIROKI IIHARA, | ) | CIVIL NO. 17-00402 JAO-WRP |
|---|---|---|
| Plaintiff, | ) | ORDER DISMISSING ACTION |
| vs. | ) | |
| MAMORU KOBAYASHI, ET AL., | ) | |
| Defendants. | ) | |

ORDER DISMISSING ACTION

At the May 20, 2019 Status Conference, the Court raised the issue of subject matter jurisdiction and orally ordered Plaintiff to show cause why the case should not be dismissed for lack of jurisdiction. After reviewing Plaintiff's Response to Order to Show Cause ("Response"), ECF No. 44, the Court concludes that it lacks jurisdiction over this case.

Federal courts are presumed to lack subject matter jurisdiction, and the plaintiff bears the burden of establishing that subject matter jurisdiction is proper. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). "When a requirement goes to subject-matter jurisdiction, courts are obligated to consider *sua sponte* issues that the parties have disclaimed or have not presented." *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012) (citing *United States v. Cotton*, 535 U.S. 625, 630 (2002)); *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 593 (2004)

1

("[B]y whatever route a case arrives in federal court, it is the obligation of both district court and counsel to be alert to jurisdictional requirements."); *Naruto v. Slater*, 888 F.3d 418, 423 n.5 (9th Cir. 2018) (recognizing "long held and often restated duty to examine *sua sponte* whether jurisdiction exists, regardless how the parties have framed their claims"). "Subject-matter jurisdiction can never be waived or forfeited." *Gonzalez*, 565 U.S. at 141. If the Court lacks subject matter jurisdiction, an action must be dismissed. Fed. R. Civ. P. 12(h)(3).

Counsel for both parties previously acknowledged that the parties are not U.S. citizens. Although federal courts have diversity jurisdiction over actions between "citizens of a State and citizens or subjects of a foreign state," 28 U.S.C. § 1332(a)(2), "diversity jurisdiction does not encompass a foreign plaintiff suing foreign defendants." *Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas, S.A.*, 20 F.3d 987, 991 (9th Cir. 1994). Plaintiff concedes that the Court lacks diversity jurisdiction given the parties' alien status. ECF No. 44 at 2.

However, Plaintiff argues that federal question jurisdiction exists as a result of his fraud claim, which gives rise to a federal securities fraud claim. This contention is without merit. Whether federal question jurisdiction exists is determined by the well-pleaded complaint rule, which "'provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Hunter v. Philip Morris USA*, 582 F.3d

1039, 1042 (9th Cir. 2009) (quoting *Fisher v. NOS Commc'ns*, 495 F.3d 1052, 1057 (9th Cir. 2007)); *Kerr v. Delaware N. Cos., Inc.*, No. 116CV01797LJOSAB, 2017 WL 880409, at *1 (E.D. Cal. Mar. 6, 2017); *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 821 (9th Cir. 1985) (citations omitted) ("A case 'arises under' federal law only if the federal question appears on the face of the plaintiff's well-pleaded complaint.").

Plaintiff exclusively asserts state law claims in the Complaint. With respect to the fraud claim, there is no reference to 17 C.F.R. § 240.10b-5, the provision that Plaintiff attempts to invoke for the first time in his Response. Nor do Plaintiff's allegations present a federal question. Without identifying the purported federal character of what is typically a state/common law claim in the Complaint, Plaintiff did not invoke federal question jurisdiction. *See, e.g., Pozez v. Clean Energy Capital, LLC*, 593 F. App'x 631, 632 (9th Cir. 2015) (holding that no federal question subject matter jurisdiction existed under the well-pleaded complaint rule because the complaint only set forth state law claims and finding that "the isolated allegation in the complaint of 'knowing violations of securities and other law' [did not] constitute a federal claim by itself, or transform any of the state law claims in the complaint into federal claims").

In footnote 2 of the Response, Plaintiff argues that he was not required to cite to a specific statute to provide notice of a claim. ECF No. 44 at 5 n.2. This

3

directly contravenes the well-pleaded complaint rule. Further, putting aside the fact that Plaintiff relies on a Connecticut state court opinion for this proposition, he cannot reasonably argue that under <u>federal</u> notice pleading standards, he provides sufficient notice to Defendant as to the nature of the fraud claim by presenting it as a state law claim throughout the course of litigation only to re-characterize it as a securities fraud claim when confronted with a jurisdictional defect shortly before trial.[1]

      The disingenuousness of Plaintiff's position is further revealed by reviewing the Motion for Summary Judgment, wherein Plaintiff cites the Hawaiʻi standard for common law fraud. ECF No. 32-1 at 25-26. If Plaintiff actually intended to proceed with a securities fraud claim, he would have cited the applicable legal standard in the motion. As with the Complaint, there is no mention of the securities fraud provision, or any other federal provision that implicates a federal question.[2]

---

[1] In any event, the present issue is jurisdictional; the question is not whether Plaintiff's allegations could withstand a Federal Rule of Civil Procedure 12(b)(6) motion.

[2] Even if the Motion for Summary Judgment implicated federal claims, the Court would not have federal question jurisdiction because the Complaint must contain the federal question, unaided by other pleadings. *Lippitt v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1040 (9th Cir. 2003), *as amended* (Sept. 22, 2003).

To the extent Plaintiff seeks to amend the Complaint, the request is DENIED. This case has been pending since August 14, 2017. Plaintiff is the master of his Complaint and he elected not to include federal claims. He cannot now, nearly two years later and in the final stage of litigation, attempt to transform his fraud claim into a federal claim in an effort to fabricate a basis for jurisdiction where none exists. Even if this were not the case, amendment at this late stage in the proceedings would be highly prejudicial to Defendant. The deadline to file a motion to amend the pleadings expired on March 23, 2018, as have all other pretrial deadlines (with the exception of motions in limine), and trial is scheduled to commence on August 5, 2019. Plaintiff has not and cannot advance a legitimate argument that good cause exists for seeking this late amendment.[3] *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'").

---

[3] Because the non-dispositive motions deadline expired, Plaintiff could not even file a motion to amend the scheduling order to seek leave to amend the Complaint without first filing and prevailing on a motion to amend the scheduling order to permit a motion to amend the non-dispositive motions deadline.

Given that the Court lacks jurisdiction over this case, it cannot address the Motion to Withdraw as Counsel. However, the Court notes that in light of the circumstances precipitating the request to withdraw, the Court does not expect defense counsel to continue to act on Defendant's behalf.

In accordance with the foregoing, the Court DISMISSES this action for lack of jurisdiction.

IT IS SO ORDERED.

DATED: Honolulu, Hawaiʻi, May 24, 2019.

Jill A. Otake
United States District Judge